# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 21-669V
### Filed: November 13, 2023

IVONNE LUTES,

                  Petitioner,

v.

SECRETARY OF HEALTH AND
HUMAN SERVICES,

                  Respondent.

Special Master Horner

*Leigh Finfer, Muller Brazil, LLP, Dresher, PA, for petitioner.*
*Nina Ren, U.S. Department of Justice, Washington, DC, for respondent.*

## DECISION AWARDING DAMAGES[1]

On January 12, 2021, Ivonne Lutes, "petitioner" filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that she suffered left shoulder injuries related to vaccine administration ("SIRVA"), resulting from the influenza ("flu") vaccine she received on October 16, 2019. (ECF No. 1)

On August 11, 2023, a ruling on entitlement was issued, finding petitioner entitled to compensation for SIRVA. On November 13, 2023, respondent filed a proffer on award of compensation ("Proffer") indicating petitioner should be awarded $76,000.00 for pain and suffering, and $1,469.18 and $4,797.77, representing compensation for satisfaction of the State of Massachusetts Medical liens. (ECF No. 49, p. 2-3.) In the Proffer, respondent represented that petitioner agrees with the proffered award. *Id.* Based on the record as a whole, I find that petitioner is entitled to an award as stated in the Proffer.

---

[1] Because this document contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the document will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755.

Pursuant to the terms stated in the attached Proffer, **I award petitioner $82,266.95 as follows:**

- **a lump sum payment of $76,000.00, representing compensation for petitioner's pain and suffering, in the form of a check payable to petitioner.**

- **a lump sum payment of $1,469.18, representing compensation for satisfaction of a state of Massachusetts Medicaid lien, in the form of a check payable jointly to petitioner and:**

**Boston Medical Center HealthNet Plan
529 Main St
Suite 500
Charlestown, MA 02129
ID# B0122353100**

- **a lump sum payment of $4,797.77, representing compensation for satisfaction of a state of Massachusetts Medicaid lien, in the form of a check payable jointly to petitioner and:**

**The Rawlings Company
Attn: Benjamin A. Rich
PO Box 2000
La Grange, KY 40031
Reference # 123079666**

Petitioner has agreed to endorse the checks to the State of Massachusetts for satisfaction of the Medical liens. (ECF No. 49, p. 3.) These amounts represent compensation for all damages that would be available under § 15(a).

The clerk of the court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

<u>s/Daniel T. Horner</u>
Daniel T. Horner
Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

IVONNE LUTES,

                      Petitioner,

v.

SECRETARY OF HEALTH AND
HUMAN SERVICES,

                      Respondent.

No. 21-669V
Special Master Daniel T. Horner
ECF

## PROFFER ON AWARD OF COMPENSATION

On January 12, 2021, Ivonne Lutes ("petitioner") filed a petition for compensation under the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-1 to -34, alleging that she suffered a Shoulder Injury Related to Vaccine Administration ("SIRVA"), as defined in the Vaccine Injury Table, following administration of an influenza vaccine she received on October 16, 2019. Petition at 1. On April 26, 2023, petitioner filed a Motion for a Ruling on the Record ("Motion") arguing that she has established entitlement to compensation for a SIRVA. ECF No. 40. Respondent filed his Response to Petitioner's Motion on May 22, 2023, recommending that entitlement to compensation be denied. ECF No. 41. On August 11, 2023, the Court issued a Ruling on Entitlement, finding that petitioner is entitled to compensation.[1] ECF No. 43.

---

[1] Respondent has no objection to the amount of the proffered award of damages set forth herein. Assuming the Court issues a damages decision in conformity with this proffer, respondent waives his right to seek review of such damages decision. However, respondent reserves his right, pursuant to 42 U.S.C. § 300aa-12(e), to seek review of the Court's August 11, 2023 entitlement decision.

## I. Compensation for Vaccine Injury-Related Items

### A. Pain and Suffering

Based upon the evidence of record, respondent proffers that petitioner should be awarded a lump sum of **$76,000.00** for pain and suffering, in the form of a check payable to petitioner. Petitioner agrees.

### B. Medicaid Liens

Respondent proffers that petitioner should be awarded funds to satisfy the State of Massachusetts Medicaid liens in the amounts of **$1,469.18 and $4,797.77**, which represents full satisfaction of any right of subrogation, assignment, claim, lien, or cause of action the State of Massachusetts may have against any individual as a result of any Medicaid payments the State of Massachusetts has made to or on behalf of petitioner from the date of her eligibility for benefits through the date of judgment in this case as a result of her alleged vaccine-related injury suffered on or about October 16, 2019, under Title XIX of the Social Security Act.

The above amounts represent all elements of compensation to which petitioner would be entitled under 42 U.S.C. § 300aa-15(a). Petitioner agrees.

## II. Form of the Award

The parties recommend that compensation provided to petitioner should be made through two lump sum payments described below, and request that the Special Master's decision and the Court's judgment award the following: [2]

A. A lump sum payment of **$76,000.00** in the form of a check payable to petitioner; and

B. A lump sum payment of **$1,469.18**, representing compensation for satisfaction of the State of Massachusetts Medicaid lien, in the form of a check payable jointly to petitioner and:

---

[2] Should petitioner die prior to entry of judgment, the parties reserve the right to move the Court for appropriate relief. In particular, respondent would oppose any award for future medical expenses, future pain and suffering, and future lost wages.

Boston Medical Center HealthNet Plan
529 Main St
Suite 500
Charlestown, MA 02129
ID #: B0122353100

C. A lump sum payment of **$4,797.77**, representing compensation for satisfaction of the State of Massachusetts Medicaid lien, in the form of a check payable jointly to petitioner and:

The Rawlings Company
Attn: Benjamin A. Rich
PO Box 2000
La Grange, KY 40031
Reference #: 123079666

Petitioner agrees to endorse the checks to the State of Massachusetts for satisfaction of

the Medicaid liens.

Petitioner is a competent adult. Evidence of guardianship is not required in this case.

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

C. SALVATORE D'ALESSIO
Director
Torts Branch, Civil Division

HEATHER L. PEARLMAN
Deputy Director
Torts Branch, Civil Division

LARA A. ENGLUND
Assistant Director
Torts Branch, Civil Division

3

/s/ NINA Y. REN
NINA Y. REN
Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington D.C. 20044-0146
(202) 305-3781
Nina.Ren@usdoj.gov

DATED: November 13, 2023